UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ODNIL MUSIC LIMITED and FIFTY-SIX HOPE ROAD MUSIC LIMITED,

        Plaintiffs,

    v.

KATHARSIS LLC, WILLIAM JOSEPH SCHECK AND NATHANIEL CHRISTOPHER SCHECK,

        Defendants.

NO. CIV. S-05-0545 WBS PAN

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

----oo0oo----

        Plaintiffs filed a complaint against defendants for copyright infringement on March 18, 2005. The court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. Defendants move to dismiss.

        According to the complaint, defendant Katharsis LLC owns the Owl Club Ale House located in Roseville. (Compl. ¶ 4) Defendants William Scheck and Nathaniel Scheck are members of Katharsis LLC. (Id. ¶ 5) Plaintiffs allege that they own the copyrights to four songs written by Bob Marley. (Id. ¶ 14, Schedule A) Plaintiffs allege that defendants caused to be

1

1  publicly performed in the Owl Club Ale House those four songs on
2  September 2, 2004 and other dates. (Id. ¶ 11, Schedule A).
3  Plaintiffs allege that defendants did not have a license from
4  plaintiffs or from the American Society of Composers, Authors,
5  and Publishers to cause those songs to be performed.  (Id. ¶¶ 12-
6  13).
7           Individual defendants William and Nathaniel Scheck,
8  appearing pro se, move to dismiss the complaint under Federal
9  Rules of Civil Procedure 8(e), 9(f), 11(b)(1), 11(b)(2), and
10 11(b)(3).
11 Discussion
12          The court notes at the outset that defendants' motion
13 to dismiss, if granted, would only be effective as to the claims
14 against Nathaniel Scheck and William Scheck.  Katharsis LLC
15 remains unrepresented in this case since the Schecks, although
16 members of Katharsis LLC, may not legally represent Katharsis
17 LLC.  Rowland v. Cal. Men's Colony, 506 U.S. 194, 202
18 (1993)(holding that artificial entities may only be represented
19 by licensed counsel).
20          The individual defendants offer two main arguments: (1)
21 plaintiffs' purpose in filing suit is to blackmail defendants;
22 and (2) plaintiffs do not provide enough facts in their
23 complaint.  (See Defs.' Mem. in Supp. of Mot. for Summ. J. at
24 3)("Plaintiffs alleged past and future copyright infringements to
25 2 September 2005, again with no specifics as to actual events,
26 for example date, time, what, when, where, who, how, etc.").
27          Defendants first invoke Federal Rule of Civil Procedure
28

2

11(b)(1)[1] by claiming that plaintiffs' complaint was filed for the improper purpose of harassing defendants. The subjective intent of plaintiffs' counsel is of no importance. Instead, the court applies a "reasonable man" standard. G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003)("The 'reasonable man' against which conduct is tested [for purposes of Rule 11] is a competent attorney admitted to practice before the district court.").

Applying that standard, the court finds that merely filing a complaint against defendants for infringement is not harassment. Plaintiffs' counsel, by signing the complaint, certified that, after a reasonable inquiry, facts would be found to support his clients' position. Fed. R. Civ. P. 11. There is no evidence that this belief was objectively unreasonable. Filing a complaint when one's client has been allegedly wronged is something a reasonable attorney would do. The complaint cannot be dismissed on these grounds.[2]

Defendants' next argument, that plaintiffs' complaint does not state enough facts, is also easily resolved. Conley v.

---

[1]   By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed. R. Civ. P. 11(b).

[2]   Furthermore, "a motion to dismiss under rule 11 should not be frequently granted." Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th Cir. 1979)(citation omitted).

3

Gibson, 355 U.S. 41 (1957), is squarely on point:

> The respondents also argue that the complaint failed to set forth specific facts to support its general allegations . . . and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

Id. at 47. Plaintiffs provided defendants with a short and plain statement of the claim that put defendants on notice about what the claim concerned.[3]

IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this case is referred to the assigned magistrate judge for the purpose of conducting an early settlement conference between the parties;

---

[3] Defendants' argument that plaintiffs did not specify when and where the alleged copyright infringement took place does not invoke Federal Rule of Civil Procedure 9(f). "Rule 9(f) does not have the effect of requiring allegations of time and place, but merely operates to make such allegations, if made, material for the purposes of testing the sufficiency of the pleadings as against, for example, a motion to dismiss." Kuenzell v. United States, 20 F.R.D. 96, 99 (N.D. Cal. 1957) (citation omitted)(emphasis in original). While plaintiffs do not state the hour of the alleged copyright infringement, they do state the date, September 2, 2004, and the place, The Owl Club Ale House, in their complaint. These allegations would become material and dismissal on motion for failure to state a claim would be appropriate only "[i]f the allegations of the complaint affirmatively show that the complaint is barred by the applicable statute of limitations." Levy v. Paramount Pictures, 104 F.Supp. 787, 788 (N.D. Cal. 1952). However, plaintiffs' complaint was timely filed. See 17 U.S.C. § 507(b)(three year statute of limitations for civil copyright actions).

If the court were to recharacterize this motion to dismiss as one to dismiss under Rule 12(b)(6) for failure to state a claim, the result would be no different. See Castro v. United States, 540 U.S. 375, 381 (2003)(federal courts may recharacterize the legal labels a pro se litigant attaches to his motion).

4

IT IS FURTHER ORDERED that all proceedings in this case are stayed for sixty days and all deadlines set out in the scheduling order of May 27, 2005 are hereby extended for a period of sixty days from the date of this order, for the purposes of allowing a reasonable time for the parties to pursue settlement negotiations.

Notwithstanding the local rules, all discovery motions in this case shall be noticed for hearing on five court days notice before the undersigned judge.  The provisions of Local Rule 37-251 shall not apply.  All such motions shall be no more than five pages in length.  All opposition to such motions shall be oral.  Pursuant to Rule 36(a)(4), the parties should presume that the court will award attorneys' fees and costs to the prevailing party. Counsel desiring to make such a motion shall obtain the time and date of the hearing by calling Deputy Clerk Sally Hoover at (916) 930-4234.

DATED: June 29, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE