UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ODNIL MUSIC LIMITED, et al.,

        Plaintiffs,        CIV. S-05-0545 WBS PAN

    v.

                                  ORDER

KATHARSIS, LLC., et al.,

        Defendants.

—oOo—

    June 29, 2005, Judge Shubb stayed this action to allow a reasonable time for the parties to pursue settlement negotiations and referred the matter to me for the purpose of conducting an early settlement conference between the parties. July 1, 2005, the court clerk gave the parties notice a settlement conference had been scheduled at 9:00 a.m., August 8, 2005. August 1, 2005, plaintiffs served its settlement conference statement providing defendants with additional notice of the conference. No one appeared for any defendant at the scheduled time and place.

August 9, I made an order requiring defendants appear before me on August 24 to show cause why monetary or other sanctions should not be imposed for their failure to appear at the settlement conference. That order also was duly served but no one appeared for defendants.

This court has inherent power to fashion an appropriate sanction for conduct that abuses the judicial process. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 45-46 (1991).

Plaintiffs appeared for the August 8 settlement conference by counsel and two representatives. Plaintiffs' counsel's hourly rate is $225 and counsel spent 1.75 hours traveling to court, waiting for an appearance by defendants until excused by the court, and returning to his office. Local Rule of Court 16-270 required counsel be accompanied by one or more persons authorized to settle the case on any terms. One of plaintiffs' principals traveled from the east coast to attend the conference, necessarily devoted 36 hours to the matter and incurred expenses including $802 air travel, $97 hotel, $42 car rental and $20 for meals. Another representative for plaintiffs left San Francisco at 5:45 a.m. to attend the 9:00 conference (and afterward remained in Sacramento on other business, returning to San Francisco later in the day). The fair hourly recompense for these representatives is $50. The total expense incurred by plaintiffs to attend the settlement conference was $3,342.25. It is appropriate that this needless expense be transferred to defendants.

1  Accordingly, within 10 days after service of this order,
2  defendants shall pay to plaintiffs the sum $3,342.25.
3  Dated:  August 29, 2005.

```
                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge
```