UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ODNIL MUSIC LIMITED and
FIFTY-SIX HOPE ROAD MUSIC
LIMITED,

        Plaintiffs,

  v.

KATHARSIS, LLC, WILLIAM JOSEPH
SCHECK and NATHANIEL
CHRISTOPHER SCHECK,

        Defendants.

CASE NO. CIV. 05-0545 WBS PAN

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS AND MOTION
TO RESCIND

----oo0oo----

Plaintiffs filed suit in March 2005, alleging copyright infringement by defendants. Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs now move to dismiss defendants' counterclaims and cross-claims, alleging that these claims were filed in violation of the court's scheduling order of May 25, 2005. Defendant William Sheck move for an order rescinding the Magistrate Judge's order that defendants pay sanctions for failing to appear. This court has jurisdiction pursuant to 28

1

U.S.C. §§ 1331 and 1338.

I. <u>Factual and Procedural Background</u>

According to the complaint, defendant Katharsis LLC owns the Owl Club Ale House located in Roseville, California, (compl. ¶ 4), and defendants William Scheck and Nathaniel Scheck are members of Katharsis LLC, (<u>Id.</u> ¶ 5). Plaintiffs allege that they own the copyrights to four songs written by Bob Marley, (<u>id.</u> ¶ 14, Schedule A), that defendants caused to be publicly performed in the Owl Club Ale House on September 2, 2004 and other dates, (<u>id.</u> ¶ 11, Schedule A). Plaintiffs further allege that defendants did not have a license from plaintiffs or from the American Society of Composers, Authors, and Publishers ("ASCAP") to cause those songs to be performed. (<u>Id.</u> ¶¶ 12-13).

Defendants Nathaniel Scheck and William Scheck filed an answer to the complaint on April 7, 2005. Defendants did not file any counterclaims or cross-claims at that time. On May 25, 2005, the court issued its Scheduling Order, which read, in part,

> No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown under Fed. R. Civ. P. 16(b). <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

Undeterred by the scheduling order, William J. Scheck on June 9, 2005 filed what he styled as a "cross-complaint," against existing plaintiffs and others associated with ASCAP and its legal team.

On June 29, 2005, the court denied defendants' motion to dismiss. The court's order noted that defendant Karthasis LLC was not represented because William and Nathaniel Scheck, unlicensed as attorneys, are unable to represent that company.

2

(June 29, 2005 Order at 2); <u>Rowland v. Cal. Men's Colony</u>, 506 U.S. 194, 202 (1993).  The parties at the hearing represented to the court that they would consider settling the case soon. Therefore, the court ordered the litigation stayed by 60 days for the purpose of conducting a court supervised settlement conference.  (June 29, 2005 Order at 5).

On July 1, 2005, the parties were notified of a settlement conference set for August 8, 2005 at 9:00 a.m. before Magistrate Judge Nowinski.  (Notice of Hearing, Docket # 17). Defendants failed to appear at the noticed time, and the Magistrate Judge issued an order to appear at 9:00 a.m. on August 24, 2005 to show cause why defendants should not be sanctioned for their failure to appear.  (Order August 9, 2005).  Defendants failed to appear on August 24 as well.  (Order August 29, 2005 at 2).  Defendants were subsequently ordered by the Magistrate Judge to pay $3,342.25 in fees and expenses incurred by plaintiffs' representatives and plaintiffs' counsel in preparing for and attending the August 8 settlement conference.  (<u>Id.</u> at 2-3).[1]

---

[1] The Magistrate Judge's order stated in part:

> Plaintiffs appeared for the August 8 settlement conference by counsel and two representatives.  Plaintiffs' counsel's hourly rate is $225 and counsel spent 1.75 hours traveling to court, waiting for an appearance by defendants until excused by the court, and returning to his office.  Local Rule of Court 16-270 required counsel be accompanied by one or more persons authorized to settle the case on any terms. One of plaintiffs' principals traveled from the east coast to attend the conference, necessarily devoted 36 hours to the matter and incurred expenses including $802 air travel, $97 hotel, $42 car rental and $20 for meals. Another representative for plaintiffs left San Francisco at 5:45 a.m. to attend the 9:00 conference (and afterward remained in Sacramento on other business, returning to San Francisco later in the day).  The fair hourly recompense for these

II. <u>Discussion</u>

There are two motions presently before the court:

- Plaintiffs' Federal Rule of Civil Procedure 12(b)(6) motion to dismiss based on the improper procedure used by defendants to file their counterclaims and cross-claims and based on the defendants' alleged failure to plead their civil RICO claims with particularity; and
- Defendant William Scheck's motion to rescind the Magistrate Judge's order of August 29, 2005.

### A. <u>Plaintiffs' Motion to Dismiss</u>

Defendant's addition of a "cross-complaint" against plaintiffs and others not captioned as plaintiffs was made without leave of the court. This is in violation of the scheduling order of May 25, 2005. Defendant neither sought leave of the court to amend his pleading nor showed good cause to be allowed to do so. Therefore, the "cross-complaint" will be stricken from the record. If defendants seek to add any counterclaims or cross-claims, they may move to do so, setting forth the reasons why they believe there is good cause to amend. See <u>Johnson</u>, 975 F.2d 604 (9th Cir. 1992).

### B. <u>Defendants' Motion to Rescind</u>

Next the court considers defendant William Scheck's motion to rescind the Magistrate Judge's order requiring defendants to pay plaintiffs $3,342.25 in fees and expenses for

---

representatives is $50. The total expense incurred by plaintiffs to attend the settlement conference was $3,342.25. It is appropriate that this needless expense be transferred to defendants.

(Magistrate Judge Nowinski Order Aug. 29, 2005 at 2-3).

4

defendants' failure to appear at the noticed settlement conference.[2]  Defendant William Scheck states that he "was unable to attend the settlement conference on 8 August 05 before Magistrate Judge Nowinski because he was seriously ill with food poisoning.  The other Defendants were not required to attend the settlement conference because they never agree [sic] to it." (Def. William Scheck's Mem. in Supp. of Mot. to Rescind Order ¶ 2).  As to why defendants did not attend court at the time they were ordered to show cause why they should not be sanctioned, William Scheck states that the "order was never duly served upon Defendants."  (Id. ¶ 3).

The court has no knowledge of William Scheck's health on August 8, 2005.  Further, all defendants were required to attend the settlement conference.  (Notice of Hearing, Docket #17).  The fact that one or more of defendants did not "agree" to heed the court's order is irrelevant.

However, defendant William Scheck's argument that he was not served with the order to show cause has merit.  Local Rule 5-137(f) requires that

> [c]opies of all written orders signed and filed by the Court conventionally or electronically, whether drafted by counsel or by the Court, shall be served forthwith by the Clerk on all counsel who have appeared in the action.  A certificate of service by the Clerk shall accompany the order as served and shall be attached to the order as filed.

No provision is made for how service is to be effected on a pro

---

[2] Only defendant William Scheck moves to rescind the Magistrate Judge's order.  Because none of the other defendants so move, and because William Scheck is not authorized to represent any of the other defendants, the court considers the motion only as it pertains to the sanctions ordered to be paid by defendant William Scheck.

se litigant such as William Scheck.  However, Local Rule 5-135(d), governing service to parties of filed documents, provides that "[u]nless a party expressly waives service, copies of all documents submitted to the Court shall be served upon all parties to the action . . . ."  There is no evidence that William Scheck has agreed to receive service electronically through the court's CM/ECF system or is even able to access that system.  Due to clerical error on the part of the court, the order to show cause was not mailed to defendants.  Therefore, William Scheck has made a sufficient showing to permit the court to relieve him of the effect of the sanctions order pursuant to Federal Rule of Civil Procedure 60(b)(6).[3]

Rather than issue another Order to Show Cause with the hope that it will be properly served on all defendants, thereby necessitating still another appearance, the court in its discretion elects to leave plaintiffs with the remedy of pursuing their attorneys fees incurred in attending the settlement conference as part of their total claim for attorneys fees in the event that plaintiffs prevail on the merits at the conclusion of these proceedings.[4]

///

///

---

[3] "On motion and on such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief."  Fed. R. Civ. P. 60(b)(6).

[4] The representative who appeared with plaintiffs' attorney at the settlement conference was an employee of ASCAP, not the plaintiffs.

6

IT IS THEREFORE ORDERED THAT plaintiffs' motion to dismiss defendant William Scheck's counterclaims and cross-claims be, and the same hereby is, GRANTED, without prejudice to defendants' ability to move to amend or supplement the pleadings.

IT IS FURTHER ORDERED that defendant William Scheck's motion to rescind the Magistrate Judge's order of August 29, 2005 imposing sanctions be, and the same hereby is, GRANTED, as to defendant William Scheck only.

DATED: October 4, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE