UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ODNIL MUSIC LIMITED and FIFTY-SIX HOPE ROAD MUSIC LIMITED,

      Plaintiffs,

  v.

KATHARSIS LLC, WILLIAM JOSEPH SCHECK AND NATHANIEL CHRISTOPHER SCHECK,

      Defendants.

NO. CIV. S-05-0545 WBS PAN

MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

      Defendants William Scheck and Nathaniel Scheck are members of Katharsis L.L.C., which, in turn, owns the Owl Club Ale House located in Roseville, California. (Compl. ¶¶ 4, 5.) In their complaint, plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music Limited allege that plaintiffs own the copyrights to four songs written by Bob Marley, and that defendants infringed those copyrights by causing those songs to be publicly performed in the Owl Club Ale House on September 2, 2004. (Id. ¶¶ 14, 11 (referencing Schedule A).) Plaintiffs further allege that defendants did not have a license from plaintiffs or from

1

1 the American Society of Composers, Authors, and Publishers
2 ("ASCAP") to cause those songs to be performed.  (Id. ¶¶ 12-13.)
3 Plaintiffs now move for summary judgment pursuant to Federal Rule
4 of Civil Procedure 56 and seek statutory damages, injunctive
5 relief, and attorneys' fees.

6          Summary judgment is proper "if the pleadings,
7 depositions, answers to interrogatories, and admissions on file,
8 together with the affidavits, if any, show that there is no
9 genuine issue as to any material fact and that the moving party
10 is entitled to judgment as a matter of law."  Fed. R. Civ. P.
11 56(c).  A material fact is one that could affect the outcome of
12 the suit, and a genuine issue is one that could permit a
13 reasonable jury to enter a verdict in the non-moving party's
14 favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
15 (1986).

16          The substantive law governing a case determines the
17 materiality of a fact.  T.W. Elec. Serv., Inc. v. P. Elec.
18 Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Under the
19 applicable copyright law, to recover damages for copyright
20 infringement, plaintiffs will need to show "(1) ownership of the
21 allegedly infringed material and (2) violation by the alleged
22 infringer of at least one of the exclusive rights granted to
23 copyright holders."  LGS Architects, Inc. v. Concordia Homes of
24 Nev., 434 F.3d 1150, 1156 (9th. Cir. 2006); see also Ellison v.
25 Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).  Among the
26 exclusive rights granted to copyright holders is the right to
27 perform copyrighted musical works publicly.  17 U.S.C. § 106(4)
28 ("[T]he owner of copyright under this title has the exclusive

                                2

rights to do and to authorize," with regard to a musical work, the right "to perform the copyrighted work publicly.").

Public performance of copyrighted material occurs when the work is displayed "at a place open to the public . . . by means of any device or process . . . ."  17 U.S.C. § 101. Plaintiffs proffer declarations to establish that the public performance of their copyrighted work occurred on the evening of September 2, 2004 when a DVD recording of the four copyrighted songs was visually displayed on a television within defendants' business and played over various speakers within defendants' building.  (Greene Decl. ¶¶ 4-5, Jones Decl. ¶ 10, Ex. B).)[1]  On the other hand, in his deposition, defendant William Scheck specifically denied that the DVD was ever played at his establishment.  (Ditora Decl. Ex. B (Dep. of Nathaniel Scheck) at 23:1-3.)[2]

This discrepancy between the declarations submitted by plaintiff and defendant's deposition testimony is sufficient to

---

[1] Additionally, Douglas Jones declares that on the night of February 3-4, 2006, Kevin McDonough observed songs in the ASCAP repertory being publicly played in the Owl Club Ale House. Because ASCAP has not established ownership of these songs, the court cannot grant summary judgment on plaintiff's infringement claims related to these titles.

[2] In his report, Scott Greene identifies Nathaniel Scheck as the person who played the Bob Marley DVD. (Greene Decl. Ex. A at 4.) Plaintiff also provides a Declaration from Ray Schwind, the Vice President and Director of ASCAP, to defeat an anticipated alternative argument by the defendant that the Bob Marley performance was broadcast over a cable television channel. While this evidence challenges the plausibility of defendant Nathaniel Scheck's deposition testimony, it would be inappropriate for the court to grant a motion for summary judgment on this basis because it is the sole province of the fact finder to weigh evidence and make credibility determinations.

3

1  create a genuine issue of material fact which precludes granting
2  of summary judgment.
3       IT IS THEREFORE ORDERED that plaintiff's motion for
4  summary judgment be, and the same hereby is, DENIED.
5  DATED:  March 24, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE