IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ODNIL MUSIC LIMITED and FIFTY-SIX
HOPE ROAD MUSIC LIMITED,

    Plaintiffs,               No. CIV S-05-0545 WBS PAN

    vs.

KATHARSIS, LLC, WILLIAM
JOSEPH SCHECK and NATHANIEL
CHRISTOPHER SCHECK,

    Defendants.           FINDINGS & RECOMMENDATIONS
_____/

Plaintiff's motion for entry of default judgment came on for hearing on shortened time June 1, 2006.[1] Alan M. Steinberg appeared for plaintiff. William J. Scheck appeared in propria persona. No appearance was made for defendant Katharsis, LLC. Upon review of the motion and the supporting documents, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS AND RECOMMENDATIONS:

---

[1] This motion was filed at the direction of the district court. "No appearance has been made on behalf of defendant Katharsis, LLC. Counsel for plaintiffs shall take the necessary steps to have the default of defendant Katharsis, LLC, entered and judgment entered upon such default." (May 9, 2006 Pretrial Order at 6.)

1

This is an action for infringement of copyright by unauthorized public performances of four songs by defendants on September 2, 2004, at their place of business known as the Owl Club Ale House.  Defendants William J. Scheck and Nathaniel C. Scheck are members of Katharsis L.L.C., which, in turn, owns the Owl Club Ale House located in Roseville, California.

Plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music allege plaintiffs own the copyrights to the four songs written by Bob Marley and that defendants did not have a license from plaintiffs or from the American Society of Composers, Authors, and Publishers ("ASCAP") to cause those songs to be performed. Plaintiffs allege defendants William J. Scheck and Nathaniel C. Scheck were and still are members of defendant Katharsis, L.L.C., with joint responsibility for the control, management, operation and maintenance of the affairs of said company.  Plaintiffs allege the acts of infringement were done with the active assistance, cooperation, acquiescence and procurement of the Scheck defendants, and that they derived financial benefit therefrom.  Plaintiffs seek statutory damages, injunctive relief, and attorneys' fees.

I. Request for Default Judgment

The complaint in this matter was served upon defendant Katharsis, LLC on March 30, 2005. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985)(default judgment void without personal jurisdiction).  Defendant Katharsis, LLC, has not filed an answer. The clerk of the court entered default against this defendant on May 12, 2006. Notice of the entry of default as well as plaintiff's present motion for entry of default judgment were served by mail on defendant at its last known address.  Defendant Katharsis, LLC, filed no opposition to the motion for entry of default judgment and entered no appearance at the hearing.[2]

---

[2] On May 23, 2006, defendants Nathaniel Christopher Scheck and William Joseph Scheck filed an opposition to the application for order shortening time.  However, the order shortening time was granted on May 22, 2006.  Moreover, as noted in the district court's pretrial order, a corporation may appear only by counsel. (May 9, 2006 Pretrial Order at 6.)

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).[3]

However, because other defendants[4] have answered the complaint and are not in default, the question arises as to whether the court has the discretion under Federal Rule of Civil Procedure 54(b) to enter a default judgment against less than all the defendants.

Rule 54(b) states, in pertinent part:

> when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

---

[3] The district court's denial of summary judgment does not change this result. The complaint stands and defendant Katharsis, L.L.C. has failed to appear.

[4] Defendants Nathaniel Christopher Scheck and William Joseph Scheck filed an answer on April 7, 2005.

When a default has been entered, the factual allegations of the complaint together with other competent evidence submitted must be taken as true. See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir.1987); Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.1978). However, where less than all defendants have defaulted, the allegations are only true as to those defaulting defendants.

A default judgment against one of several defendants while the action continues against the others is ordinarily improper where their liability is joint rather than several. Frow v. De La Vega, 82 U.S. 552, 554 (1872); In re First T.D. & Invest., Inc., 253 F.3d 520, 532 (9th Cir. 2001)(where complaint alleges defendants are jointly liable and one of them defaults, judgment should not be entered against defaulting defendant until matter has been adjudicated as to all defendants; if answering defendants prevail, action should be dismissed against both answering and defaulting defendants). Otherwise, there might be one judgment upholding a charge of joint tort liability and another judgment declaring it to be nonexistent. Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F2d 430, 433 (8th Cir. 1992); Stafford v. Mesnik, 63 F.3d 1445, 1451 (7th Cir. 1995)(default improper if double recovery possible).[5][6]

Although evaluation of the case on the Eitel factors favor entering a default judgment, supporting the theory that "there is no just reason for delay," the Supreme Court has held that the court should not enter a default judgment against one or more defendants which is

---

[5] While it is appropriate for the court clerk to enter the default of whichever of the jointly liable defendants fails to defend, no judgment will be entered until the other defendants are dismissed or the case comes to trial. If the other defendants prevail at trial, no judgment can be entered against the defaulting defendant; if the other defendants lose at trial, the ultimate judgment will be binding on all defendants. Bastien v. R. Rowland & Co., 631 F.Supp. 1554, 1561 (E.D. MO 1986); Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co., 978 F2d at 433.

[6] On the other hand, the court may find there is 'no just reason for delay' and order a default judgment against a codefendant whose liability is joint and several (or exclusively several). Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3rd Cir. 1986); In re Uranium Antitrust Litig., 617 F.2d 1248, 1262 (7th Cir. 1980). Similarly, a default judgment may be entered immediately where the defaulting party's liability is based on independent wrongful acts or a legal theory distinct from the one asserted against the other defendants. Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004).

or may be inconsistent with judgment on the merits in favor of the answering defendants. <u>Frow v. De La Vega</u>, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872). <u>Frow</u> stands for the proposition that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3D § 2690 (2001). "<u>Frow</u>'s applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." <u>Shanghai Automation Instrument Co. v. Kuei</u>, 194 F.Supp.2d 995, 1008 (9th Cir. N.D. Cal. 2001). "The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide 'just reason' [for the delay within the meaning of Fed. R. Civ. P. 54(b).]'" <u>Phoenix Renovation Corp. v. Gulf Coast Software, Inc.</u>, 197 F.R.D. 580, 582 (E.D. Va. 2000).

  The complaint herein alleges defendants are jointly liable. Because defendants Nathaniel C. Scheck and Will J. Scheck are members of Katharsis L.L.C., which, in turn, owns the Owl Club Ale House located in Roseville, California, and are scheduled to go to trial in this case on July 18, 2006, the entry of default judgment should be deferred until after trial has been completed.

II. <u>Relief Requested</u>

  A. Injunctive Relief

  Title 17 U.S.C. § 502(a) permits the court to grant final injunctions "to prevent and restrain infringement of a copyright." The court in <u>Broadcast Music, Inc. v. Niro's Palace, Inc.</u>, 619 F.Supp. 958, 963 (N.D.Ill.1985), held:

> A permanent injunction is especially appropriate where a threat of continuing infringement exists . . . The threat of continuing infringement is substantial in the present case. Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of

5

     infringement and demands to stop such infringement from BMI.
     This behavior indicates a willful disregard of copyrights held by
     BMI and should be permanently enjoined.

Id.

  In this case, plaintiffs have provided sufficient evidence that defendant has continued to infringe the copyrights of certain musical compositions after repeated notice and requests that it stop and defendant Katharsis, L.L.C. has failed to provide any evidence proving non-infringement. Accordingly, defendant Katharsis, L.L.C. should be enjoined from performing any ASCAP[7] songs without prior authorization.[8]

  B. Statutory Damages.

  Title 17 U.S.C. § 504(c)(1) states that a plaintiff may elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" in lieu of an award of the plaintiff's actual damages and the defendant's profits. In addition, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

  Where a defendant has ignored or disregarded notices of the need for licensing, willful infringement has been found. In International Korwin Corp. v. Kowalczyk, 855 F.2d 375, 380 (7th Cir.1988), the court upheld the district court's finding of willful infringement due to

/////

---

[7] Although ASCAP is not a party hereto, courts have recognized that plaintiffs are representative of all of ASCAP's members. See Pedrosillo Music, Inc. v. Radio Musical, Inc., 815 F.Supp 511, 516 (1993); Southern Nights Music Co. v. Moses, 669 F.Supp. 305 (C.D. Cal. 1987).

[8] The court may grant a permanent injunction to plaintiffs even though it enjoins a defendant from infringing any of plaintiffs' copyrighted works, existing or created in the future, including, but not limited to, those listed in Schedule A to the complaint. Sony Music Entm't, Inc., 45 F.Supp.2d 1345, 1347-48 (S.D.Fla.1999); Princeton Univ. Press v. Michigan Document Serv., Inc., 99 F.3d 1381, 1392-93 (6th Cir.1996) (holding the weight of authority supports the extension of injunctive relief to future works).

6

substantial evidence that the defendant repeatedly ignored notices of the infringement. The trial court stated:

> In the present case, defendant violated the copyright laws despite ASCAP's repeated efforts--by letter, telephone, and personal visits--to license defendant's establishment.  Defendant's initial refusal may have come from ignorance of the intricacies of copyright law.  However, defendant certainly came to understand his obligations under the law.  Yet, his answer, time and time again, was essentially--"Sue me.  I am never going to join."  Given this cavalier attitude, the defendant's infringing conduct can only be described as willful.

International Korwin Corp. v. Kowalczyk, 665 F.Supp. 652, 659 (N.D.Ill.1987)($1,500.00 per infringement); see also Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1227-28 (7th Cir.1991) (approximately $3,100.00 per infringement).

The evidence presented by plaintiffs in this case indicates that defendant willfully and intentionally violated plaintiffs' copyrights.  Despite repeated attempts by plaintiffs to get defendant to stop using the copyrighted materials or to take a license for their use, defendant persisted in playing the musical compositions and ignoring plaintiffs' requests.  Defendant Katharsis L.L.C. has failed to present any evidence refuting this argument.

The court therefore finds an increase in statutory damages due to willful infringement to be appropriate. Accordingly, plaintiffs' request that a statutory award in the amount of $3,000.00 per infringement should be granted, for a total award of $12,000.00 in statutory damages.

C.  Attorneys' Fees and Costs.

Plaintiffs request that the court award $19,859.00 attorneys' fees and $889.45 in costs as well as their investigative fees of $1,352.02 incurred in this action totaling $22,100.47, which appear to be plaintiffs' total fees and costs with regard to the entire action (to date), not those attributable solely to the defaulting defendant.

Title 17 U.S.C. § 505 provides that the court "in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party

7

as part of the costs." The United States Supreme Court confirmed this discretion: "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). While there is no exact formula for how courts should exercise their discretion to grant attorney fees, courts must make their determinations based on equitable circumstances. Id. at 527-533.

In Fogerty, the Supreme Court noted that courts may consider awarding attorney's fees upon review of such nonexclusive factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id., 510 U.S. at 535. Courts may use these factors "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs in an evenhanded manner." Id. The purpose of the Copyright Act "is not merely to discourage copyright infringement. Fantasy Inc., v. Fogerty, 94 F.3d 553, 558 (9th Cir.1996). "The policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement." Id. at 559.

The court finds that in light of these factors and defendant's willful and intentional infringement of the copyrights, an award of reasonable attorneys' fees and costs to plaintiffs is appropriate. As the court in Broadcast Music, Inc., 619 F.Supp. at 963-64 (citations omitted), stated:

> A plaintiff is entitled to recover costs and attorney's fees for willful copyright infringement. . . . In the present case, an award of costs and reasonable attorney's fees is justified because if Niro's had heeded BMI's warnings either to enter a license agreement or to stop playing copyrighted music, this litigation would have been wholly unnecessary. In addition, Niro's repeatedly rebuffed offers to resolve this dispute prior to the commencement of litigation. . . . Thus, Niro's was not an innocent infringer, and costs and reasonable attorney's fees are appropriate.

Id. See also Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224 (7th Cir. 1991)(ASCAP case

where statutory damages of $40,000.00 and attorneys fees and costs of $48,633.37 awarded); Rockford Map Publishers, Inc. v. Directory Service Co., 768 Fl2d 145, 150 (7th Cir. 1985) (statutory damages of $250 and over $20,000 in attorneys fees); Rilting Music, Inc. v. Speakeasy Enterprises, Inc., 706 F.Supp. 550, 558 (S.D.Ohio1988) (awarded $3,000.00 in attorneys' fees); Hulex Music v. Santy, 698 F.Supp.1024, 1032 (D.N.H.1988)(awarded $7,612.50 in attorneys' fees).

Plaintiffs seek attorneys fees in the amount of $19,859.00. The affidavit provided by counsel as to attorneys fees is detailed and supported, with the exception of two entries billed without explanation:

```
March 28, 2006      1.20 hours at 235.00 per hour =    $235.00
March 29, 2006      .5 hour at 235.00 per hour =        117.50
                                                       $352.50
```

Thus, the sum of $352.50 will be deducted from the total $19,958.00 sought. The balance of $19,605.50 in attorneys fees is reasonable and should be awarded plaintiffs.

Title 17 U.S.C. § 505 allows the court in its discretion to award full costs. This court finds litigation expenses in the amount of $889.45 and investigation expenses in the amount of $1,352.02 were necessarily incurred in the prosecution of this action, and should be awarded in the total amount of $2,241.47.

However, liability for attorneys' fees and costs is also joint and several among defendants. See Childress v. Taylor, 835 F.Supp. 739 (S.D. N.Y. 1993). In the instant action, appearing defendants William and Nathaniel Scheck own Katharsis, L.L.C., and may also be found jointly liable for the attorneys' fees incurred in defending this action. Conversely, should appearing defendants prevail at trial, no award of attorneys' fees should be issued against either appearing defendants or defaulting Katharsis, L.L.C. Thus, this court recommends deferring its order awarding attorneys' fees pending resolution of trial in the instant matter.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's May 18, 2006 motion for entry of default judgment be GRANTED. A proposed judgment was filed by plaintiff

on June 1, 2006 (docket no. 61) and is approved as to form and substance, except for the $352.50 reduction in attorneys fees as noted above.[9]

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' May 18, 2006 motion for entry of default judgment be granted;

2. Defendant Katharsis, L.L.C., and any persons acting by or on behalf of defendant, be enjoined from performing publicly, or causing or permitting to be performed publicly, any copyrighted musical compositions owned by any of the plaintiffs, and any other copyrighted musical compositions in the repertory of the American Society of Composers, Authors and Publishers ("ASCAP") at any establishment owned, controlled, operated or managed by defendant, without permission obtained directly from the copyright owners of such compositions in advance of such performances, or license from ASCAP.

3. Plaintiffs be granted $12,000.00 in statutory damages, $2,241.47 in investigative fees and costs, $19,605.50 in attorneys fees, for a total judgment in the amount of $33,846.97.

4. Entry of default judgment be deferred pending resolution of trial.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

/////

/////

/////

---

[9] The proposed judgment has been edited to reflect the changes in the attorneys fee amount as well as to reflect review by the district court, and the revised proposed judgment will be forwarded to the district court following issuance of these findings and recommendations.

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  June 12, 2006.

```
_____
UNITED STATES MAGISTRATE JUDGE
```

7  001;odnil.def