UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ODNIL MUSIC LIMITED and FIFTY-
SIX HOPE ROAD MUSIC LIMITED,

       CASE NO. CIV. S-05-0545 WBS JFM

       Plaintiffs,

       v.

MEMORANDUM AND ORDER RE:
ATTORNEYS' FEES AND COSTS

KATHARSIS, LLC; WILLIAM JOSEPH
SCHECK, and NATHANIEL
CHRISTOPHER SCHECK,

       Defendant.


----oo0oo---

       On July 21, 2006, judgment was entered against
defendants Katharsis LLC and William Scheck for copyright
infringement under 17 U.S.C. § 505.  The court now considers
plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music
Limited's motion for attorneys' fees and costs.

I.   Factual and Procedural Background

       Plaintiffs Odnil Music Limited and Fifty-Six Hope Road
Music Limited filed suit on March 17, 2005, alleging that they
own the copyrights to four songs written by Bob Marley, that
defendants infringed those copyrights by causing those songs to

1

be publicly performed in the Owl Club Ale House on September 2, 2004, and that defendants had not purchased a license for the right to do so.  (Compl. ¶¶ 11-14 (referencing Schedule A).) Defendants William Scheck and Nathaniel Scheck are members of Katharsis L.L.C., which, in turn, owns the Owl Club Ale House located in Roseville, California.  (Id. ¶¶ 4, 5.)  This matter came on regularly for trial before the court, sitting without a jury, on July 18, 2006.  No appearance was made on behalf of defendants Katharsis LLC or Nathaniel Scheck.  Because defendant Nathaniel Scheck failed to appear for trial, and the Magistrate Judge had made Findings and Recommendations recommending that default judgment be entered against defendant Katharsis, plaintiffs elected to proceed in this trial against defendant William Scheck only.

On July 20, 2006, the court made its findings of fact and conclusions of law; pursuant to the court's order, judgment was entered against William Scheck and Katharsis LLC on July 21, 2006.  The court indicated that plaintiffs are to recover reasonable attorneys' fees and costs of suit from defendants Katharsis LLC and William Joseph Scheck, jointly and severally. (July 20, 2006 Order ¶ 30.)  Plaintiffs now move for attorneys' fees and costs in the amount of $68,020.50.  (Pls.' Mot. for Att'ys' Fees 9.)  Defendant opposes this motion in its entirety and seeks a denial of all attorneys' fees and costs, or, in the alternative, an award of attorneys' fees in an amount no greater than $5,000.

///

///

2

1  II.  <u>Discussion</u>

2          As the court previously explained in its order dated

3  July 20, 2006, the Copyright Act provides for the imposition of

4  costs and attorneys' fees in favor of the prevailing party:

5          In any civil action under this title, the court in its
           discretion may allow the recovery of full costs by or
6          against any party other than the United States or an
           officer thereof.  Except as otherwise provided by this
7          title, the court may also award a reasonable attorney's
           fee to the prevailing party as part of the costs.

8

9  17 U.S.C. § 505; <u>see also</u> <u>Frank Music Corp. v. Metro-Goldwyn-</u>

10  <u>Mayer, Inc.</u>, 886 F.2d 1545, 1556 (9th Cir. 1989) ("Plaintiffs in

11  copyright actions may be awarded attorney's fees simply by virtue

12  of prevailing in the action: no other precondition need be met,

13  although the fee awarded must be reasonable."); <u>Fogerty v.</u>

14  <u>Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994).  Further, "[a] plaintiff

15  need not succeed on every claim to be entitled to fees and 'is a

16  prevailing party by succeeding on any significant issue which

17  achieves some of the benefit sought.'"  <u>Mantolete v. Bolger</u>, 791

18  F.2d 784, 786 (9th Cir. 1986) (citing <u>Soda Mountain Wilderness</u>

19  <u>Council v. Norton</u>, 2006 WL 2054062, *1 (E.D. Cal. July 21,

20  2006)).

21          If attorneys' fees are warranted, the district court

22  determines the <u>amount</u> of an award of attorneys' fees by using the

23  lodestar calculation--the number of hours reasonably expended on

24  the litigation multiplied by a reasonable hourly rate.  <u>Hensley</u>

25  <u>v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  There is a strong

26  presumption that the lodestar amount is reasonable.  <u>Fischer v.</u>

27  <u>SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation

28  omitted).  However, the court may adjust the lodestar figure if

3

various factors overcome the presumption of reasonableness.[1]
Hensley, 461 U.S. at 433-34.

A.   Prevailing Party

The court previously determined that defendants William
Scheck and Katharsis LLC knowingly and deliberately infringed
upon plaintiffs' copyrights, continue to perform copyrighted
materials in the ASCAP repertory, refused to obtain permission to
perform copyrighted materials, threatened ASCAP representatives
with bodily harm, and forced this matter to be litigated through
trial.  Therefore, under § 505, plaintiffs are the prevailing
party and are entitled to recover reasonable attorneys' fees and
costs.  See Milene Music, Inc. v. Gotauco, 551 F. Supp. 1288,
1298 (D.R.I. 1982) (finding that where the "defendants had
deliberately and knowingly infringed upon plaintiffs' copyrights"
and then "forced the plaintiffs to engage lawyers and to resort

---

[1]    The court may adjust the lodestar figure on the basis
of the Kerr factors:

> (1) the time and labor required, (2) the novelty and
> difficulty of the questions involved, (3) the skill
> requisite to perform the legal service properly, (4)
> the preclusion of other employment by the attorney due
> to acceptance of the case, (5) the customary fee, (6)
> whether the fee is fixed or contingent, (7) time
> limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained, (9)
> the experience, reputation, and ability of the
> attorneys, (10) the "undesirability" of the case, (11)
> the nature and length of the professional relationship
> with the client, and (12) awards in similar cases.

Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir.
1975).  However, many of the Kerr factors have been subsumed in
the lodestar approach.  Cunningham v. County of Los Angeles, 879
F.2d 481, 487 (9th Cir. 1988).  Moreover, although the court
should consider the factors established by Kerr, it need not
discuss each factor.  Sapper v. Lenco Blade, Inc., 704 F.2d 1069,
1073 (9th Cir. 1983).

4

1   to the courts to enforce the proprietary interests in the

2   copyrights" without justification, the "litigation fairly crie[d]

3   out for an award of attorneys' fees.").

4        B.   <u>Lodestar Calculation</u>

5            1.   <u>Hours Reasonably Expended</u>

6        Properly calculated fee awards should represent the

7   reasonable worth of the services rendered in vindication of the

8   plaintiffs' copyright claim.  <u>Blanchard v. Bergeron</u>, 489 U.S. 87,

9   96 (1989).  "Counsel for the prevailing party should make a good-

10   faith effort to exclude from a fee request hours that are

11   excessive, redundant, or otherwise unnecessary . . . ."  <u>Hensley</u>,

12   461 U.S. at 434.  When the hours worked or the rates claimed are

13   not supported by evidence or adequate documentation, the district

14   court may reduce the award accordingly.  <u>Id.</u> at 433.

15        Plaintiffs have submitted a billing statement itemizing

16   the time counsel has spent on this matter.  Plaintiffs seek

17   $68,020.50 in attorneys' (and paralegals') fees and $6,976.18 in

18   costs.  (Alan M. Steinberg Decl. Ex. A.)  Defendant would have

19   the court deny all fees and costs as unreasonable, contending

20   that the case should have required minimal preparation and

21   arguing in particular that telephone calls, conferencing,

22   letters, and document reviews were unnecessary and immaterial to

23   proving that the copyright violation occurred.  (Def.'s Opp'n to

24   Pl.'s Mot. for Attys' Fees 1.)

25        By their own actions, defendants compounded the fees at

26   issue here.  Both defendants failed, without advance notice or

27   justification, to appear at the settlement conference scheduled

28   for August 8, 2005.  (Aug. 9, 2005 Order to Show Cause.)

1  Defendant Nathaniel Scheck additionally failed to appear at the

2  pretrial conference held on May 8, 2006.  (May 8, 2006 Pretrial

3  Order 1.)  On the morning that the bench trial was scheduled to

4  proceed, defendant William Scheck informed the court that

5  Nathaniel Scheck would not be appearing at trial because he had

6  entered a substance abuse rehabilitation program four days

7  earlier.  (See July 18, 2006 Civil Court Trial Minutes.)

8          By contrast, plaintiffs' actions have demonstrated a

9  willingness to resolve the case expeditiously.  After the summary

10  judgment hearing on June 1, 2006, plaintiffs' counsel cautioned

11  defendant William Scheck that proceeding to trial would result in

12  substantial attorneys' fees.  (Alan Steinberg Decl. ¶ 6.)  When

13  defendant Nathaniel Scheck did not appear for trial, plaintiffs

14  elected to proceed against defendants Katharsis LLC and William

15  Scheck.  (July 18, 2006 Civil Court Trial Minutes.)  Moreover,

16  plaintiffs have undertaken to reach a stipulated settlement the

17  case with defendant Nathaniel Scheck.  What has prevented this

18  case from being resolved in a more efficient and cost-effective

19  manner is hardly an overzealous attempt by plaintiffs to bill

20  elevated fees.  Instead, it was defendants' failure to abide by

21  the orders and schedule set by the court[2] that has caused delay

22  and increased expenditures by plaintiffs' attorneys.

23          Moreover, defendant William Scheck has not demonstrated

24  that the particular work for which plaintiffs seek reimbursement

25  is unreasonable.  Provided that the party seeking attorneys' fees

26  submits supporting documentation, courts regularly award

27  _____

28          [2]   Relatedly, the court notes that defendant William
Scheck's opposition to this motion was untimely.

1  attorneys' fees for legal activities such as communications by

2  phone with clients or opposing counsel, document review, and

3  meetings.  <u>See, e.g.</u>, <u>Assembly of State of Cal. v. U.S. Dept. of</u>

4  <u>Commerce</u>, No. 91-990, 1993 WL 188328, at *12 (E.D. Cal. May 28,

5  1993) (finding a billing entry that included phone calls

6  reasonable); <u>Monsanto Co. v. Pacificorp</u>, No. 01-607, 2006 WL

7  1128226, at *8 (D. Idaho Apr. 24, 2006) (awarding attorneys' fees

8  for "considerable time investigating the potential success of

9  filing such a complaint, including interviewing witnesses and

10 reviewing relevant documents"); <u>Martinez v. Longs Drug Stores,</u>

11 <u>Inc.</u>, 03-1843, 2005 WL 3287233, at *7 (E.D. Cal. Nov. 28, 2005)

12 (concluding that meetings for support staff were reasonable

13 billing entries).  Defendants here have submitted supporting

14 documentation for all of these charges.  (Steinberg Decl. Ex. B.)

15 Moreover, activities such as communications, meetings, and

16 document review are commonplace within, and central to, the legal

17 profession.  Adequate preparation for trial requires more than

18 simply gathering evidence and marshaling arguments to make a

19 legal claim—it necessarily involves working and interacting with

20 support staff, clients, court staff, and opposing counsel.  An

21 attorney should not be expected to perform those essential

22 functions for free.  Therefore, without a more specific reason to

23 consider these charges improper, the court will not reduce the

24 amount of attorneys' fees requested.

25          2. <u>Rate Reasonably Charged</u>

26          The reasonable hours expended in this litigation must

27 be multiplied by a reasonable hourly rate to determine the

28 lodestar amount.  To determine the reasonableness of hourly rates

claimed, the court looks to the "prevailing market rates in the
relevant community," <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984),
for "similar work performed by attorneys of comparable skill,
experience, and reputation." <u>Chalmers v. City of Los Angeles</u>,
796 F.2d 1205, 1210-11 (9th Cir. 1997).[3]  The fee applicant bears
the burden "to produce satisfactory evidence--in addition to the
attorney's own affidavits--that the requested rates are in line
with those in the prevailing community . . . ." <u>Blum</u>, 465 U.S.
at 895 n.11.  The relevant community is generally the forum in
which the district court sits. <u>Barjon v. Dalton</u>, 132 F.3d 496,
500 (9th Cir. 1997).

        Plaintiffs' counsel seeks a hourly compensation rate of
$195 for Forrest Plant, Jr., a partner of the law firm of
Goldsberry, Freeman & Guzman, LLP, prior to January 1, 2006, when
the firm ceased billing at that flat rate.  Subsequently, Mr.
Plant billed at an hourly rate of $235.  The same billing
schedule holds for David L. Ditora, another partner at the same
firm.  For the work performed by associate Alan M. Steinberg,
plaintiffs' counsel seeks compensation of $200 an hour.
Plaintiffs' counsel further seeks $75 an hour for paralegal Joan
Debra Ellison.  (Steinberg Decl. Ex. B at 7.)  This court has
consistently found that $250 per hour for an experienced attorney
and $75 for a paralegal are reasonable hourly rates for this
community. <u>Loskot v. U.S.A. Gasoline Corp.</u>, No. 01-2125, slip
op. at 11 (E.D. Cal. Apr. 26, 2004) (applying those rates to
determine plaintiff's attorneys' fees); <u>see also</u> <u>Sanford v.</u>

---

[3]   Defendant does not appear to contest the hourly rate
charged by plaintiffs' counsel.

8

1  Thrifty Payless, Inc., No. 02-480, 2005 WL 2562712, at *4 (E.D.

2  Cal. Oct. 11, 2005) (implicitly recognizing that these are rates

3  are still reasonable); Hiram C. v. Manteca Unified Sch. Dist.,

4  No. 03-2568, slip op. at 3 (E.D. Cal. Nov. 5, 2004) (finding $250

5  to be a reasonable hourly rate for an experienced attorney).

6        The court has additionally found $150 an hour to be the

7  standard hourly rate for an associate practicing in this district

8  in suits brought under the Americans with Disabilities Act.  See,

9  e.g., White v. GMRI, Inc., No. 04-0620, 2006 U.S. Dist. LEXIS

10  2059, at *14-15 (E.D. Cal. 2006); Eiden v. Thrifty Payless Inc.,

11  407 F. Supp. 2d 1165, 1171 (E.D. Cal. 2005).  Mr. Steinberg's

12  rates are admittedly higher than that rate.  However, Mr.

13  Steinberg has over ten years of litigation experience (see Alan

14  Steinberg Decl. Ex. E (Resume)), which was amply demonstrated by

15  his proficiency in litigation skills in the proceedings before

16  thiscourt.  Mr. Steinberg has additionally represented that the

17  hourly rate he seeks in this motion is the standard fee that he

18  charges and collects from clients, including plaintiffs (when he

19  is retained by them on other matters).  Moreover, although Mr.

20  Steinberg is not an expert in copyright law, he represented to

21  the court that he wisely relied on his client's considerable

22  expertise in the field to avoid research costs he might have

23  otherwise incurred due to any unfamiliarity with the field.

24  Plaintiffs did not submit bills for the client's time.

25  Therefore, based on Mr. Steinberg's skills and experience, the

26  court finds that a fee higher than the rate previously approved

27  by this court for associates in disability cases is eminently

28  reasonable here.

9

1    The remainder of the hourly rates are at or below the

2  billing rates previously approved by this court in other cases,

3  and the court therefore finds them reasonable.  Thus, the court

4  will apply the hourly rates of $195  for Alan Steinberg prior to

5  January 1, 2006, and $200 after that time;[4] $195 for Forrest

6  Plant, Jr. and David L. Ditora prior to January 1, 2006, and $235

7  after that time; and $75 for paralegal Joan Debra Ellison.

8             3. Adjusting the Lodestar Calculation

9    Defendants additionally appear to request that this

10  court apply a negative multiplier to the court-determined

11  lodestar amount.  (Def.'s Opp'n to Pl.'s Mot. for Attys' Fees 4-

12  5.)  There are twelve factors that the court in Kerr indicated

13  could be used to apply a negative multiplier to the lodestar

14  amount, but five Kerr factors are subsumed in the lodestar

15  analysis: (1) the novelty of the issues, (2) the skill and

16  experience of counsel, (3) the quality of representation, (4) the

17  results obtained, and (5) the contingent nature of the fee

18  agreement.  Morales v. City of San Rafael, 96 F.3d 359, 364 n.9

19  (9th Cir. 1996).  Further, there is a strong presumption that the

20  lodestar amount is reasonable.  Fischer, 214 F.3d at 1119 n.4.

21    Defendants argue that the questions involved did not

22  present any particular novelty or difficulty (Def.'s Opp'n to

23  Pl.'s Mot. for Attys' Fees 3), and accordingly, the court should

24  reduce the fee amount.  However, to consider the novelty of the

25

26    [4]    The court notes that the billing statement plaintiffs
submitted incorrectly lists Mr. Steinberg's rate at $235/hour,
27  which is higher than plaintiffs contend it should be.  (See
Steinberg Decl. Ex. B (Invoice 19878 at 5).)  However, plaintiffs
28  appear to have calculated the total amount of fees correctly.

1  issues would be to consider a factor already subsumed in the

2  lodestar analysis.  This circuit disfavors consideration of

3  subsumed reasonableness factors after the lodestar has been

4  calculated.  Morales, 96 F.3d at 364 n.9.  Therefore, the court

5  is unpersuaded by defendant's argument in favor of departure from

6  the lodestar calculation.

7        4. Costs

8        Plaintiffs have submitted a cost bill totaling

9  $6,976.18.  Defendants have not objected.[5]  The fact that

10 defendant William Scheck subsequently filed an appeal of the

11 court's underlying judgment has no bearing on the court's

12 jurisdiction to consider this bill of costs.  Cent. States, Se. &

13 Sw. Areas Pension Fund v. Cent. Cartage Co., 992 F. Supp. 980,

14 985 (N.D. Ill. 1998) ("A district court may still address

15 ancillary matters, such as costs, while a case is pending

16 appeal." (citing Kusay v. United States, 62 F.3d 192, 194 (7th

17 Cir. 1995))); see also United States v. Kersting, 891 F.2d 1407,

18 1413 (9th Cir. 1989) (recognizing that "a motion for costs may be

19 collateral to the action on appeal" if it "does not seek

20 reconsideration of substantive issues resolved in the judgment"),

21 overruled on other grounds by Richmark Corp. v. Timber Falling

22 _____

23       [5]    At oral argument on the motion for attorneys' fees,
   defendant William Scheck contended that plaintiffs should not
24 have flown to attend the settlement conference.  (This would
   appear to be a brazen position to be taken by one who himself
25 defied the court's order by his failure to appear at the
   settlement at all.)  In order to facilitate settlement, the court
26 required that parties with decision-making authority attend the
   settlement conference.  Therefore, the cost of a flight for a
27 person with the ability to make settlement decisions was a
   necessary expense, and has appropriately been included in the
28 cost bill.

1  Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992).  Additionally,

2  because defendants William and Nathaniel Scheck are jointly and

3  severally liable for fees and costs in this action, (see July 20,

4  2006 Order 19), the court need not wait until Nathaniel's

5  liability is determined before awarding costs.

6        Rule 54(d)(1) of the Federal Rules of Civil Procedure

7  and Local Rule 54-292(f) govern the taxation of costs to losing

8  parties, which are generally subject to limits set under 28

9  U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs);

10  Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall

11  be allowed as of course to the prevailing party unless the court

12  otherwise directs . . . .");  L.R. 54-292(f); Crawford Fitting Co.

13  v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987) (limiting taxable

14  costs to those enumerated in 28 U.S.C. § 1920).  However, when a

15  party prevails on claims of copyright infringement, the

16  limitations imposed by 28 U.S.C. § 1920 do not apply.  See 17

17  U.S.C. § 505 (permitting the court, in its discretion, to "allow

18  the recovery of full costs by or against any party" in actions

19  for copyright infringement (emphasis added)); Twentieth Century

20  Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir.

21  2005) ("[D]istrict courts may award otherwise non-taxable costs,

22  including those that lie outside the scope of § 1920, under §

23  505.").

24        Under either statute, the court exercises its

25  discretion in determining whether to allow certain costs.  17

26  U.S.C. § 505 ("[U]nder this title, the court in its discretion

27  may allow the recovery of full costs . . . ."); Amarel v.

28  Connell, 102 F.3d 1494, 1523 (9th Cir. 1997) (holding that the

12

district court has discretion to determine what constitutes a taxable cost within the meaning of 28 U.S.C. § 1920); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (same).  Also, regardless of the applicable statute, the losing party has the burden of overcoming the presumption in favor of awarding costs to the prevailing party.  See Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.3d 1136, 1144 (9th Cir. 1998) (noting that the presumption "may only be overcome by pointing to some impropriety on the part of the prevailing party"); Amarel, 102 F.3d at 1523; see also L.R. 54-292(d) ("If no objection is filed, the Clerk shall proceed to tax and enter costs.").

        After reviewing the bill, the court finds that certain costs are unreasonable.  Namely, the court takes issue with the costs for subsistence (lodging and meals) for witnesses called by defendant at William Scheck's trial.  The subsistence costs ($479.98 for Dean DeMerritt, $243.76 for Scott Greene, and $253.22 for Kevin McDonough) exceed the statutory limits for a two day/one night stay in the Sacramento area.  28 U.S.C. § 1821(d)(2) ("A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance.").  The maximum amount that plaintiffs can bill for these three witnesses comes to $183 each.  See U.S. Gen. Servs. Admin., Per Diem Rates, California - FY 06, available at http://www.gsa.gov/Portal/gsa/ep/perdiem.do?pf=y&queryYear=2006&queryState=California (last visited Sept. 18,

2006) (setting the maximum lodging cost, excluding taxes, at $94[6]

per day and allowing for $44.25 for meals and incidental expenses

on the first and last day).  Pursuant to the foregoing

discussion, costs of $5,525.02 will be allowed.

III. Conclusion

        In accordance with the foregoing discussion, attorneys'

fees are awarded in the following amounts:

| David L. Ditora: | 7.7 hours | @ $195/hr | = | $1,501.50 |
|---|---|---|---|---|
| | 19.5 hours | @ $235/hr | = | $4,582.50 |
| Forrest Plant, Jr.: | 37.5 hours | @ $195/hr | = | $7,312.50 |
| | 40.4 hours | @ $235/hr | = | $9,494.00 |
| Alan M. Steinberg: | 221.3 hours | @ $200/hr | = | $44,260.00 |
| Paralegal: | 11.6 hours | @ $75/hr | = | $870.00 |
| Costs: | ($6,976.18 - $1,451.16) | | = | $5,525.02 |
| | | **TOTAL** | **=** | **$73,545.52** |

        IT IS THEREFORE ORDERED that plaintiffs' motion for

attorneys' fees and costs as against defendants William Scheck

and Katharsis LLC be, and the same hereby is, GRANTED in the

total sum of $73,545.52.

DATED: September 22, 2006

                    _William B. Shubb_

                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE

_____

        [6]    Although the maximum GSA rate for hotel stays does not
include taxes, the court is ignorant of the going rate for
applicable taxes in the Sacramento area during the relevant time
period and consequently cannot take account of these amounts in
this order.

14