IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ODNIL MUSIC LIMITED and FIFTY-SIX
HOPE ROAD MUSIC LIMITED,

          Plaintiffs,

   vs.

KATHARSIS LLC, WILLIAM JOSEPH
SCHECK and NATHANIEL
CHRISTOPHER SCHECK,

          Defendants.

_____/

No. CIV S-05-0545 WBS EFB

ORDER

       An examination of judgment debtor William J. Scheck was conducted in the courtroom of the undersigned on May 16, 2007. Alan Steinberg appeared on behalf of plaintiffs Odnil Music Limited and Fifty-Six Hope Road Music Limited ("plaintiffs" or "judgment creditors"), and William J. Scheck appeared on his own behalf as the judgment debtor to be examined.

       On that same date, just prior to the examination, the court addressed Mr. Scheck's previously filed document styled "Response and Exemptions Claimed." In that document, Mr. Scheck asserted that he was not required to produce various documents previously requested by judgment creditors. The court admonished Mr. Scheck that the purpose of the examination was for the judgment creditors to ascertain, via the judgment debtor's sworn testimony, the existence and location of various assets that may be used to satisfy the judgment. The court explained that

the examination procedure was neither the time nor place to adjudicate whether certain assets are exempt from satisfying the money judgment entered against him. Accordingly, the court instructed Mr. Scheck to answer questions during the examination. Notwithstanding the court's admonishments, Mr. Scheck has continued to refuse to produce the documents requested by the judgment creditors. Accordingly, the judgment creditors have filed a motion to compel production of those documents, which shall be granted as detailed in this order.

**I. BACKGROUND**

Defendants Katharsis, LLC and William J. Scheck ("judgment debtors") owned and operated a bar in Roseville known as the Owl Club, where they performed copyrighted musical works without permission. Plaintiffs prevailed on their copyright infringement claims against defendants, and judgment was entered against them on July 21, 2006. Since entry of judgment, judgment creditors have taken steps to satisfy the judgment, including serving judgment debtors with written discovery concerning the existence and location of assets. Judgment debtors failed to respond to the requests for written discovery. *See* Declaration of Alan M. Steinberg in Support of Judgment Creditors' Brief ("Steinberg Decl."), at ¶¶ 3-4. Accordingly, judgment creditors obtained an order to conduct a judgment debtor examination pursuant to applicable federal and state rules of procedure. *Id.*, at ¶ 5.

Mr. Scheck refused to produce the requested documents prior to and during the exam, claiming that the judgment creditors improperly sought private information about various trusts that were neither defendants in the action nor liable for the judgment. *Id.*, at ¶¶ 9, 10.

At the examination, Mr. Scheck testified to the following: that the William J. Scheck Trust owns all assets and property of the Owl Club, and that he is the sole trustee, but not a beneficiary, of this trust; that the William J. Scheck Trust is in the process of selling the Owl Club for $975,000, and that escrow on that sale is expected to close in July 2007; that the William J. Scheck Trust sold real property in December 2006 for $185,000, and that those proceeds are being held in trust; and, that Mr. Scheck filed a certificate of cancellation of

Katharsis, LLC prior to trial in this case, that the entity has no assets at this time, and that Mr. Scheck earns no salary as manager of the Owl Club. *Id.*, at ¶ 13.

During the examination, Mr. Scheck confirmed his possession of documents responsive to certain document requests propounded by judgment creditors. *Id.*, at ¶ 12. However, Mr. Scheck continues to withhold those documents, now claiming that they are protected from discovery on the basis of vaguely articulated privacy concerns, and continuing to assert that they are irrelevant to the collection proceedings because the trusts are not named defendants in this action.

Judgment creditors move the court for an order compelling production of the requested documents (i.e., all documents related to the sale of the Owl Club and any other pending, current or past purchases, sales, loans or other form of transfers to or from the Asgard Entertainment Trusts, the William J. Scheck Trust, and the Joseph W. & Margaret V. Scheck Family Trust). They wish to ascertain whether or not any of the assets held by these entities can be used to satisfy the judgment, and in particular, to determine whether any assets are reachable by virtue of fraudulent transfers. Judgment creditors also move for sanctions in the amount of $1,600, for attorney's fees accrued in obtaining this order to compel production.

**II. ANALYSIS**

Rule 69 of the Federal Rules of Civil Procedure provides that the process for enforcing a judgment is to be conducted in accordance with the procedures of the state in which the district court is held. That Rule further provides that judgment creditors "may obtain discovery from any person, including the judgment debtor, in the manner provided by these (Federal) rules or in the manner provided by the practice of the state in which the district court is held." Fed. R. Civ. P. 69(a).

In California, the procedure for examining a judgment debtor is set forth in Cal. Civ. Proc. Code § 708.110. The purpose of the examination is "to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Troy v. Superior Court*, 186 Cal.

3

App. 3d 1006, 1014 (Cal. Ct. App. 1986). Judgment creditors are accorded "the widest scope for inquiry concerning property and business affairs of the debtor." *Young v. Keele*, 188 Cal.App.3d 1090, 1093 (Cal. Ct. App. 1987).

Under California and federal law, judgment creditors may propound discovery to the judgment debtors, including requests for production and/or inspection of documents. *See* Fed. R. Civ. P. 69(a), 33, and 34; Cal. Code Civ. Proc. §§ 708.010, *et seq.*, 2030.010, *et seq.*, and 2031.010, *et seq.* If the judgment debtor fails to respond to discovery, the court may compel responses and impose sanctions if the debtor lacked substantial justification for failing to respond. Fed. R. Civ. P. 34(b), 37(a); Cal. Civ. Proc. Code §§ 2023.010, 2023.030.

Here, Mr. Scheck has repeatedly failed to respond to the judgment creditors' requests for discovery. Initially, he provided no responses to the requests for production propounded by plaintiffs on February 21, 2007. *See* Steinberg Decl., at ¶¶ 3-4. Mr. Scheck continued in his refusal to respond to plaintiffs' discovery requests, even after the judgment debtor examination on May 16, 2007. However, as discussed below, he has failed to provide any compelling legal or factual reasons to justify his refusal to produce the requested documents.

Although Mr. Scheck claims that certain property is exempt from satisfying the judgment, "exemption" is not yet at issue, and such claims do not constitute an objection justifying non-disclosure. *See* Cal. Civ. Proc. Code § 703.100 Legislative Committee Comment ("the question of exemptions does not arise until the judgment creditor has sought to apply the judgment debtor's property toward the satisfaction of the judgment."). Here, the judgment creditors are merely seeking information regarding the judgment debtor's assets in order to determine whether or not they can be applied toward satisfaction of the judgment. This information is relevant, as judgment creditors seek to determine the nature of the trusts and whether or not certain assets were moved there in order to avoid paying the judgment. *See* Cal. Prob. Code §§ 15304 and 18200 (where settlor is a beneficiary of the trust or has the power to revoke any part of the trust, the trust property could be subject to creditors' claims); *see also* Cal.

4

Civ. Code Proc. § 3439.04 (any assets fraudulently transferred to a trust may be the subject of a creditor's claim). The judgment creditors are entitled to seek such information pursuant to the Federal and California Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any . . . documents."). Their initial efforts to do so were met with no response from Mr. Scheck. Their continued efforts have been met with inapplicable objections to the requested discovery.

In his response to judgment creditors' motion, Mr. Scheck seems to make numerous objections to production on the basis of vaguely articulated privacy concerns, citing the First, Third, Fourth, Fifth, and Ninth Amendments. However, those objections, even if applicable, are untimely, and are therefore waived. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failure to make timely objections to the originally propounded document requests constitutes a waiver of all objections thereto, including claims of privilege and work product).[1] Accordingly, the court grants judgment creditors' motion and orders judgment debtor, William J. Scheck, to produce all documents related to the sale of the Owl Club and any other pending, current or past purchases, sales, loans or other form of transfers to or from the Asgard Entertainment Trusts, the William J. Scheck Trust, and the Joseph W. & Margaret V. Scheck Family Trust.

---

[1] In his reply to judgment creditors' motion, Mr. Scheck mentions his Fifth Amendment privilege as a basis for refusing to produce documents, but provides no legal or factual analysis in support of this argument. Even if this objection was proper, debtor has waived it, as discussed above. *Brown v. Superior Court*, 180 Cal. App. 3d 701, 705 (Cal. Ct. App. 1986) (failure to early assert Fifth Amendment privilege as an objection to interrogatories within the 30-day period prescribed by Cal. Civ. Proc. Code § 2030 constitutes waiver). Furthermore, for the privilege to apply, it must be "evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Troy v. Superior Court*, 186 Cal. App. 3d 1006, 1010-1011 (Cal. Ct. App. 1986) (quoting *Brunswick Corp. v. Doff*, 638 F.2d 108, 110 (9th Cir. 1981)). Here, debtor does not identify which particular document requests he believes will elicit incriminating responses, let alone how a response would result in "injurious disclosure."

Pursuant to Fed. R. Civ. P. 37(a), the court grants judgment creditors' request for sanctions and orders Mr. Scheck to pay them $1,600, for attorney's fees accrued in making this motion. Mr. Steinberg stated in his declaration that his hourly rate is $200 per hour and that he spent over eight hours preparing the motion to compel. *See* Steinberg Decl., at ¶ 18. The court finds the fee and time expended to be reasonable.

**III. CONCLUSION**

In accordance with the foregoing, IT IS ORDERED that:

1. The judgment creditors' motion to compel is granted;

2. Judgment debtor, William J. Scheck, is ordered to produce the requested documents to the judgment debtors either within ten (10) days of the date of service of this order, or at a continued debtor examination if the parties choose to schedule one;

3. If the parties desire to schedule a continued debtor examination, they may do so in accordance with applicable rules of procedure, and by contacting Courtroom Deputy, Nic Cannarozzi, at (916) 930-4172;

4. Judgment debtor, William J. Scheck, is ordered to pay sanctions in the amount of $1,600 to judgment creditors' counsel[2], for attorney's fees accrued by judgment creditors in making this motion. Such payment shall be made within thirty (30) days and judgment debtor shall file with the court notice that such sanctions have been paid; and,

5. Judgment debtor is advised that failure to comply with this order may be grounds for sanctions, including an order of contempt. *Bingman v. Ward*, 100 F.3d 653 (9th Cir. 1996).

DATED: June 8, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel for judgment creditors request that the sanctions be paid directly to their client. Upon receipt of payment from debtor, counsel shall reimburse their clients as appropriate.

6