IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODNIL MUSIC LIMITED and FIFTY-SIX HOPE ROAD MUSIC LIMITED,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>KATHARSIS LLC, WILLIAM JOSEPH SCHECK and NATHANIEL CHRISTOPHER SCHECK,<br><br>　　　　Defendants.<br>_____/ | No. CIV S-05-0545 WBS EFB PS<br><br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This matter was before the court on January 23, 2008, for hearing on plaintiffs' (and now judgment creditors') motion for a supplemental award of attorneys' fees.[1]  Defendant and judgment debtor, William J. Scheck, opposed the motion and appeared at the hearing on his own behalf.  Alan M. Steinberg appeared on behalf of judgment creditors.  Having considered all submitted briefing and the arguments at the hearing, the court recommends that judgment creditors' motion for a supplemental award of attorneys' fees be granted.

///

////

---

[1] This case was referred to the undersigned by district judge.

1

## I. BACKGROUND

Judgment was entered against Katharsis, LLC and William Joseph Scheck, jointly and severally, on July 21, 2006, in the underlying action for copyright infringement. Plaintiffs initiated this infringement action against Katharsis, LLC and William J. Scheck (referred to collectively as "judgment debtors") for performing copyrighted musical works without permission at a bar in Roseville known as the Owl Club. Katharsis, LLC, did not appear to defend the action, and default judgment was entered against it on July 21, 2006, while judgment was entered against William J. Scheck after a bench trial on July 18, 2006. On September 25, 2006, the district judge issued an order setting forth a detailed lodestar analysis and awarding plaintiffs attorneys' fees in the amount of $73,545.52. *See* September 25, 2006, Memorandum and Order Re: Attorneys' Fees and Costs.

Since entry of judgment, plaintiffs and now judgment creditors, Odnil Music Limited and Fifty-Six Hope Road Music Limited (referred to collectively as "creditors") have taken steps to satisfy the judgment. As set forth fully in this court's findings and recommendations dated November 6, 2007, it was discovered that judgment debtors had little or no assets and that the bulk of their assets were held in the William J. Scheck Trust and the Asgard Entertainment Trust. Creditors also discovered that these entities were in the process of selling the Owl Club – the establishment where the copyright infringement occurred. Creditors therefore sought and received an injunction to maintain $100,000.00 of the sale proceeds in escrow pending resolution of the judgment enforcement proceedings.[2] On December 6, 2007, the district judge adopted the undersigned's findings and recommendations, and the judgment was amended to add the William J. Scheck Trust and the Asgard Entertainment Trust as judgment debtors.

////

---

[2] Judgment creditors have since filed an "Acknowledgment of Satisfaction of Judgment" indicating that they have accepted payment as to the monetary portion of the judgment. Although that document does not specify the terms of the settlement, it does not appear to encompass judgment creditors' motion for attorneys' fees addressed herein.

2

Creditors now move pursuant to 17 U.S.C. § 505 and Local Rule 54-293 for a supplemental award of attorneys' fees incurred in effecting amendment of the judgment and obtaining injunctive relief.

II. DISCUSSION

Creditors seek supplemental fees pursuant to 17 U.S.C. § 505. That section provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, *the court may also award a reasonable attorney's fee to the prevailing party as part of the costs*.

Creditors emphasize that they are not seeking recovery of attorneys' fees incurred in connection with what are traditionally considered collection activities, such as the post-judgment requests for production of documents and motion to compel the debtor's examination. *See* Cal. Civ. Proc. Code § 685.040 ("Attorney's fees incurred in enforcing a judgment are *not* included in costs collectible . . . unless otherwise provided by law") (emphasis added); *see also* Fed. R. Civ. P. 69(a) ("the procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held.").

Rather, creditors have limited the scope of their request for supplemental fees to include only time spent in investigating the true ownership of the Owl Club, preparing and prosecuting their motion to amend the judgment, and obtaining injunctive relief necessary to preserve the status quo pending determination of ownership.

The language of § 505 is broad enough to encompass an award of fees for post-judgment collection efforts, where as here, creditors were merely seeking to amend the judgment to reflect the true owner of the Owl Club and the entity responsible for the infringement. The fact that creditors have limited their request for fees to time spent on those efforts assuages any concern regarding the California law generally prohibiting an award for fees incurred in collecting a judgment.

3

Indeed, the work by creditors to amend the judgment is atypical of traditional collection work (e.g., debtor examinations, creating judgment liens, etc.). Here, creditors were forced to incur additional fees to determine the appropriate party liable for the infringement. Such efforts were necessitated by Mr. Scheck's own conduct in proceeding through to trial without ever disclosing the true owners of the Owl Club.

Further, federal law governs the substantive rights of the parties in this copyright action. Although Fed. R. Civ. P. 69(a) provides for application of state law *procedure* for judgment enforcement proceedings, it also states that "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Thus, to the extent Cal. Civ. Proc. Code § 685.040 conflicts with § 505 of the Copyright Act, federal law governs.

Creditors seek a total of $24,045.00 in attorneys' fees. *See* Declaration of Alan M. Steinberg, and Exs. A and B thereto. The court finds the amount sought to be appropriate considering the standards set forth in Local Rule 54-293(c). The attorney's time and labor spent on investigating ownership, obtaining injunctive relief to maintain the status quo, and in effecting amendment of the judgment, were reasonable in light of the relative novelty of the alter ego issues and Mr. Scheck's evasiveness and recalcitrance. Mr. Steinberg has been practicing law for ten years and charges an hourly fee of $200. Mr. Forrest Plant, Jr. has been practicing law for thirty years and charges an hourly fee of $235. Consistent with the district judge's previous lodestar analysis, these fees are reasonable, creditors are the prevailing party in this action, and are entitled to an award of supplemental fees in the amount of $24,045.00 pursuant to § 505 and Local Rule 54-293.

Finally, as ordered at the hearing, Mr. Scheck's motion to compel production of documents from creditors is denied. In connection with his allegation that creditors' fee request is fraudulent, Mr. Scheck seeks an order compelling creditors to produce, among other things, all writings regarding their time logs, "time charges," method of time keeping, time keeping computations as to this case, phone records, diaries, "email logs," and "personal time log and

4

work sheet." *See* Request for Production of Documents, (docket no. 161). Creditors objected to these requests on several grounds, but nonetheless provided Mr. Scheck with copies of their invoices detailing the fees that are the subject of this motion. Dissatisfied with this, Mr. Scheck sought an order compelling further production of documents in an effort to prove that creditors' billing is fraudulent. Mr. Scheck has presented no basis for his allegations of fraud, and the court has already reviewed the time spent on the work done in connection with amending the judgment, and has found it to be reasonable. *See Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645, 646 (N.D. Cal. 2006) ("[E]ven though a party opposing a post-trial attorney fees motion has the right to challenge the fees requested as reflecting unreasonable hourly rates, an unreasonable number of hours expended, or as improper on other grounds, *the party does not have an absolute right to inspect the contemporaneous time records that underlie the motion*.") (citing *Lobatz v. U.S. West Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000)) (emphasis added).

Creditors have been remarkably cooperative by providing Mr. Scheck with their billing invoices when they were not even required to do so. Mr. Scheck's motion to compel further production of documents is denied.

III. CONCLUSION

In accordance with the foregoing, IT IS ORDERED that Mr. Scheck's motion to compel production of documents from creditors is denied.

Further, IT IS RECOMMENDED that:

1. Creditors' Motion for Supplemental Attorneys' Fees be granted; and,

2. Creditors be awarded supplemental attorneys' fees in the amount of $24,045.00.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

5

1 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).
3 DATED: April 7, 2008.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE